*241 OPINION of the Court, by
Judge Owsley.
David Calaham having departed this life, and administration having also been granted on his estate to William Ker-ley, he, together with Martha Calaham, an infant and daughter of said David, by the said Kerley her guardian, brought this suit in chancery against Thomas Clay, who had previously intermarried with the widow of said Da *242 vid, for the purpose of compelling partition of certain negroes then in the possession of said Clay, and which they charge to have belonged to the said Calaham at his decease; and also to obtain said Martha’s proportion of the price of a certain negro man, which they also charge to have belonged to the said David in his lifetime, and which had been sold for the sum of $400, and the price thereof received by Clay and applied to his own use.
Alio to recover the distributive foars of the price of a flave which was fold.
The profits of íhe eftate fet off againft the maintenance of the com • plaiaant.
Whilst the cause was depending in the court below, Martha Calaham intermarried with Richard Thompson, in whose name (after being regularly revived) and in the name of the other complainants, the cause came oil to a final hearing; and that court being of opinion the negroes of which partition was claimed belonged to the estate of David Calaham, made a decree ordering a division to he made according to what they supposed to be the right of each party ; but with respect to the claim for the price of the negro man, they decreed the bill to be dismissed without prejudice. And so much of that decree as dismisses the bill without prejudice, the complainants in that court have brought before this court by writ of error.
We are Unable to perceive the grounds upon which that court could have decreed a dismission of the bill without prejudice: for as Clay by his intermarriage with the widow of Calaham became entitled to her interest in the estate of her deceased husband, it tvas certainly proper lor the complainants in that court to apply to a court, of equity for a division ; and upon a hearing df the cause, as no circumstances occurred requiring a different kind of decree, relief should either have been given, or the bill, as respects that claim, dismissed absolutely.
With respect to the claim for the price of the negro, We are of opinion the evidence abundantly shews a right in Mrs. Thompson to her proportion as the heiress of Calaham. We have not thought it necessary in making an inquiry on this branch of the subject, to ascertain the precise time when Calaham first became entitled to the negro man ; for even were it admitted, as was contended in argument, that the negro man was not given to Calaham by his wife’s father when he first obtained his possession, still we should be of opinion the evidence is sufficiently strong to shew the right of Calaham to the price of the negro, and also to subject Clay to account *243 therefor. That Clay received the price of the negro, there is no doubt: for although he is charged by the complainants in their bill of having received it, and though called on expressly to answer' to that charge, he has not thought proper to suggest any thing like a denial: and besides, the proof is clear of his having sent part of the money to the state of Virginia for the purpose of purchasing a young negro.
That the father of Mrs. Calaham, if he had not previously given the negro man, either gave him or the money for which he sold to his daughter, before the death of Calaham, is equally clear: for it is expressly proven that when the negro was sold, the father of Mrs, Calaham said he belonged to her; and when taken in connection with the circumstances detailed in evidence in relation to the money having been received by Clay, with whom she lived, for her use and benefit, is satisfactory to shew the father, at the time óf sale, if not before, must have given the negro or his price to his daughter. And as Calaham is proven to have been living at that time, his right to the money was complete; and consequently his representatives should have distri* bution thereof.
The court below should therefore have decreed a distribution of the price of the negro man, as well as the negroes.
But it is contended that Mrs. Calaham had another daughter, Cynthia G. C. Calaham, before the decease of her husband David Calaham ; and hence it is urged that the complainants, in right of Mi s, Thompson, are not entitled to more than a moiety of the price, after the widow’s part is deducted. It is true it is proven Cynthia was born before the decease of Calaham 5 hut as it is also conclusively proven that for several years previous to her birth lie resided in the state of Virginia and her mother in this country, Cynthia cannot be entitled to any part of his estate.
As, therefore, Airs. Thompson is the only child of Calaham, the court should have decreed (day to pay Thompson the whole of the price for which the negro was sold, except that part to which Mrs. Clay, as the widow of Calaham, was entitled; but as the negro was sold in the lifetime of Calaham, and the complainants by this suit have elected to take the money, instead of pursuing the negro, Clay should be permitted to retain Wie-third of the amount absolutely in right of his wife.
*244 But as Clay raised and educated Mrs. Thompson, we suppose, under the circumstances of this case, the profits of the estate enjoyed by him furnish but a moderate compensation for those .services, and that he should consequently not account for interest until she left him, but from that time he should be made to pay interest until he pays the principal.
The decree of the court below, as respects the dis-mission of the complainants’ bill without prejudice, must therefore be reversed; the cause remanded to that court, and a decree there entered in conformity to this opinion.